SLIP OPINION

Cite as 2015 Ark. App. 219

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-1085

| | |
|---|---|
| MONICA JANE GRITTON<br>APPELLANT | **Opinion Delivered** April 8, 2015 |
| V. | APPEAL FROM THE POPE COUNTY<br>CIRCUIT COURT<br>[NO. J-13-235] |
| ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILD<br>APPELLEES | HONORABLE KEN D. COKER, JR.,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

This appeal arises from an order of the Pope County Circuit Court terminating appellant Monica Gritton's parental rights to her daughter, L.G. (born October 24, 2013). Gritton's attorney has filed a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004) and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal and requesting to be relieved as counsel. The motion is accompanied by an abstract and addendum of the proceedings below and a brief explaining why none of the trial court's rulings present a meritorious ground for appeal. The clerk of this court notified Gritton that she had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3), but she did not do so. We affirm the order of termination and grant counsel's motion to withdraw.

On October 24, 2013, Gritton gave birth to L.G. That same day, she tested positive for marijuana. The Arkansas Department of Human Services (DHS) exercised a 72-hour hold on the baby based on Gritton's positive drug test, her history with DHS, and her noncompliance with previously offered services.[1] On October 28, 2013, an emergency petition for custody and dependency neglect was filed, and an order for ex parte emergency custody was entered later that day.

On November 4, 2013, the court found probable cause and set the case for adjudication. In its February 14, 2014 adjudication order, the court found by a preponderance of the evidence that L.G. was dependent-neglected. The court specifically noted, in its order, that Gritton previously had her rights terminated to two other children because of her drug addiction, and that L.G. was at substantial risk of serious harm due to neglect because of Gritton's continued drug use. The goal of the case was set for reunification, but no services were ordered for Gritton except for reasonable and supervised visitation.

On June 9, 2014, the court held a permanency-planning hearing and a no-reunification- services hearing. The permanency-planning goal was changed to adoption and termination of parental rights. In a separate order, DHS was relieved from providing reunification services with a finding of clear and convincing evidence that there was little likelihood that any services to the parent would result in a successful reunification and that the mother had made no effort to improve her situation.

---

[1]DHS had a history with Gritton before October 24, 2013. On May 28th of that year, Gritton's parental rights to her older two daughters, Z.G. and A.C., were terminated.

On July 15, 2014, DHS filed a petition for termination of Gritton's parental rights. In the petition, DHS alleged four grounds for termination: (1) that Gritton had abandoned L.G. (Ark. Code Ann. § 9–27–341(b)(3)(B)(iv)); (2) that other factors arose subsequent to the filing of the original petition that demonstrated that return of L.G. to Gritton was contrary to her health, safety, and welfare and that despite the offer of appropriate family services, Gritton had manifested the incapacity or indifference to remedy the subsequent issues or factors that prevented the return of L.G. to her custody (Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*)); (3) that Gritton had been sentenced in a criminal proceeding for a period of time which would constitute a substantial part of L.G.'s life (Ark. Code Ann. § 9–27–341(b)(3)(B)(viii)(*a*)); and (4) that Gritton had been found by a court of competent jurisdiction to (i) have subjected any juvenile to aggravated circumstances, (ii) had her rights involuntarily terminated as to a sibling of the child and (iii) had abandoned an infant. (Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)).

On August 25, 2014, the court held the termination hearing and found that DHS had proved by clear and convincing evidence all four grounds alleged in the petition. The order terminating Gritton's parental rights was entered on September 17, 2014.[2] Gritton filed a notice of appeal on October 7, 2014. On January 15, 2015, Gritton's counsel filed a motion to withdraw as set forth above. Counsel contends that this appeal is without merit.

An order forever terminating parental rights must be based on clear and convincing evidence that termination is in the child's best interest. Ark. Code Ann. § 9–27–341(b)(3)(A).

---

[2]At the time of the termination hearing, the putative father Camron Jolly's paternity had not been established. The order terminated Gritton's parental rights and any unknown father's parental rights. Gritton is the sole appellant in this case.

SLIP OPINION

In determining whether termination is in the child's best interest, the circuit court must consider the likelihood that the child will be adopted if the termination petition is granted and the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent, parents, or putative parent or parents. Ark. Code Ann. § 9-27-341(b)(3)(A)(ii) (Repl. 2009).

Additionally, DHS must prove at least one statutory ground for termination by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3)(B) (Supp. 2013). Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). This court does not reverse a termination order unless the circuit court's findings were clearly erroneous. *Meriweather v. Ark. Dep't of Health &Human Servs.*, 98 Ark. App. 328, 255 S.W.3d 505 (2007). In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the trial court to judge the credibility of witnesses. *Dinkins*, *supra*.

In this case, termination of Gritton's parental rights was appropriate. At the time the termination order was entered, Gritton was in the custody of the Arkansas Department of Correction. She had been arrested in December 2013 for breaking into a storage building in an attempt to find a place to sleep. She remained homeless and unemployed throughout the case. Gritton admitted on the stand that she was just as "lost in her addiction" to drugs as she had been in the last case that resulted in the termination of her parental rights of her other two children.

The court found that L.G. was adoptable based on the testimony of Jennifer Blassingame, a DHS caseworker. Gritton had not seen L.G. since she was 24 hours old, and the court noted that the "mother is a stranger to this child and this is the choice of the mother." Throughout the entire case, Gritton never visited L.G. or stayed in contact with DHS.

Having carefully examined the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases. We also conclude that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order terminating Gritton's parental rights.

Affirmed; motion to withdraw granted.

KINARD and VAUGHT, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

No response.